REEVES v. SOUTHERN RY.

ATTAWAY v. SAME.

WILLIAMS v. SAME.

CONNELLY v SAME.

1. TORT—PUNITIVE DAMAGES.—A MASTER is liable in punitive damages for the wilful tort of the servant.
2. IBID.—EVIDENCE—ENGINEER.—In suit against railroad company for punitive damages for wilful tort, statement by engineer that he never had disregarded a signal to stop is incompetent: (1) because in such an action not admissible, and (2) engineer was not sued, and there were no allegations in the complaint charging him with wilful conduct.
3. GROSS NEGLIGENCE.—CHARGE here not susceptible of the construction that recovery for punitive damages could be had on proof of gross negligence or of ordinary negligence.
4. CHARGE—VERDICT—HARMLESS ERROR.—To refuse to charge that a quotient verdict is illegal, is not reversible error in absence of anything in record showing that appellant was prejudiced by refusal.

Before IZLAR, special Judge, October, 1902.    Affirmed.

Four actions tried together: (1) Thomas H. Reeves against Southern Ry.; (2) James T. Attaway against same; (3) M. P. Williams against same, and (4) Willie Connelly against same: From judgments for plaintiffs, defendant appeals.

*Mr. T. P. Cothran*, for appellant, cites: *On issue of wilful tort it is competent to show servant was prudent:* 1 Green. Ev., sec. 53; 20 A. & E. R. C., 551; 19 Id., 59; 12 Id., 397; 19 Id., 320, 68. *Punitive damages should not be allowed for gross negligence:* 60 S. C., 74. *Verdict should not be given for ordinary negligence here:* 61 S. C., 170. *As to quotient verdicts:* 28 Ency., 1 ed., 271.

*Messrs. Cole L. Blease and Johnstone & Welch*, contra.

The latter cite: *Master is liable in punitive damages for wilful tort of servant*s 3 S. C., 580; 28 S. C., 261; 29 S. C., 381; 33 S. C:, 427; 37 S. C., 377; 35 S. C., 475. *Reputation of engineer for carefulness is not involved:* 5 Ency., 2 ed., 861, 862; 1 Green. Ev., 13 ed., 72. *Gross negligence when aggravated becomes recklessness:* 64 S. C., 104; 65 S. C., 326. *As to quotient verdict:* Wat. on Dam., 840.

The opinion in this case was filed July 7, 1903, but remittitur held up on application for writ of error to United States Supreme Court, and papers certified up about

January 20, 1904. The opinion of the Court was delivered by

MR. JUSTICE GARY. The following statement appears in the record:

"The four plaintiffs above named, with Quincy Williams, brought several actions in the Court of Common Pleas for Newberry County, March 11, 1902, for damages each in the sum of $1,900, on account of the alleged 'wilful, wanton, reckless and malicious' failure and refusal of defendant to stop its passenger train at Old Town for plaintiffs, on July 4th, 1900, whereby they were forced to walk thirteen miles to Newberry, sustaining physical injury, personal discomfort, loss of time consequent thereon, &c. The case of Reeves was tried at Newberry, before Hon. J. F. Izlar, special Judge, October 20, 1902. Verdict for plaintiff $450, upon which judgment was duly entered.

"The other cases were tried the following day. They were tried together by agreement. Verdict, each case for $175, in favor of plaintiff. Verdict in the Quincy Williams case was set aside and a new trial was ordered. Judgments in each of the other three cases were entered up upon the verdicts. Due notice of appeal in each case was served by defendant from said judgments. It is agreed by counsel that the appeals in the four cases be heard together in this Court. The complaints, answers, testimony, motion for

nonsuit, Judge's charge, notice of appeal and exceptions are practically the same in all four cases, and it is agreed that the four appeals be heard and considered upon one copy of each of said pleadings and proceedings, with this exception: Exception 4, under division II., Evidence, applies only to the Reeves case."

At the close of the plaintiff's testimony, the defendant made a motion for a nonsuit on the following grounds:

"1. The complaint charges a wilful tort by the defendant. This is not sustained by evidence of a wilful tort by one of the servants, for which it is claimed the defendant is answerable.

"2. The defendant is not liable in exemplary or punitive damages for an illegal, wanton or wilful act by one of its servants, which it has in no way authorized or ratified.

"3. There is no evidence at all tending to show that the defendant in any way authorized the alleged wilful tort of its servants or ratified the same.

"4. To hold the defendant liable in punitive damages for the wilful tort of its servant, in the absence of authorization or ratification, would deprive the defendant of its property without due process of law, contrary to the 14th amendment, Constitution of the United States.

"5. There is no evidence tending to show any wilful tort by the defendant or its servants."

The motion was refused.

The following are the appellant's exceptions:

"I. *Motion for Nonsuit.*—1. Error in not sustaining the first, second and third grounds, which present the point that a master is not liable in punitive damages for the wilful tort of his servant in the absence of authorization or ratification, of which there is no evidence.

"2. Error in not sustaining the fourth ground, which presents the point that to hold the defendant liable in punitive damages for the wilful tort of his servant, in the absence of authorization or ratification, would deprive the defendant

of its property without due process of law, contrary to the 14th amendment, Constitution of the United States.

"3. Error in not sustaining the fifth ground, which presents the point that there is no evidence tending to show any wilful tort by the defendant or its servants.

"II. *Evidence.*—4. Defendant's attorney asked the witness, D. M. Madden, 'Did you answer the signal that night?' to which he replied, 'Never answered none—none given.' Witness was then asked, 'Did you ever do such as not to answer?' Upon objection, the question was ruled out, the witness was not allowed to answer. Error in ruling out the question and answer is assigned upon the ground that this being an action for wilful tort, the habit and custom of the engineer was admissible to show his good faith and motive, and to negative the charge of a wilful wrong; just as evidence of previous similar acts would have been competent in favor of the plaintiff. It was competent upon the further ground to show that the company was not negligent in retaining in its employ a reckless servant and did not participate directly in the alleged tort, which, if true, would naturally enhance amount of punitive damages.

"III. *The Judge's Charge.*—5. Error in charging the jury as follows: 'I know that between wilful mischief and gross negligence there is a very narrow margin. As said by one of our English Judges, Chief Justices, I think. He said he rather thought it was impossible to define it, and I am rather inclined to think so myself, to define the line of demarcation between gross negligence and wilful mischief.' The error consisting in this: This was an action for a wilful tort, sounding in punitive damages. Punitive damages are not allowed in this State for gross negligence. The charge authorized the jury upon the allegation of a wilful tort to award punitive damages for gross negligence. The distinction between gross negligence and wilful tort is great.

"6. Error in charging the jury as follows: 'Now, there are two kinds of damages. For instance, we have what is called compensatory damages—that is, to compensate the

plaintiff for the injuries he has received by reason of the wrongs and injuries he has received. Now, compensatory damages do not amount necessarily to his physician bills or medicine bills, and all that sort of thing; you are to take into consideration the bodily pain, what he suffered, if he suffered anything at all, by reason of those injuries. You are to take into consideration his loss of time, if you come to the conclusion he lost any time, from the testimony in this case, and how much time did he lose. All these things come in by way of compensation for the injuries received, sometimes impairment of health, present and future, come into this case, and you are to take these things into consideration. Now, as I said, the question of damages is particularly for you—you are to be the judge of it, and decide what damages, if any, the plaintiff has sustained by reason of that act, of the wrongful act of the defendant which he complained of. You are to decide that from the testimony. Now, if you come to the conclusion that the act of the defendant on this occasion was done wrongfully and recklessly, why find, in addition to compensatory damages such as I have named, the plaintiff would be entitled to recover, what is called exemplary or punitive damages, sometimes called smart money. That is, by way of punishment to the railroad company by adding to the compensatory damages which you have found the plaintiff has suffered, and a sufficient sum to prevent them doing a like wrong to anybody else in the future.' The error consisted in this: The charge permitted the jury to award compensatory damages in the event the plaintiff failed to prove a wilful tort. The action was based upon a wilful tort. Upon proof of it the plaintiff might recover either or both kinds of damages. But if he failed to prove it, as alleged, he could recover neither.

"7. Error in charging the jury as follows: 'If you come to the conclusion that the plaintiff has suffered any damage at all, why, you will find what damages he has suffered. If from the testimony you come to the conclusion that it was the result of the wilful, wanton and reckless act or omission

of the defendant, why then you can go on and add to that such damages by way of punishment—punitive, as it is called—such sum as you think just.' The error being the same as in preceding exception.

"8. Error in charging the jury as follows: 'When there is evidence to establish the fact that the defendant or its agents and servants were guilty of wilful negligence or conscious indifference to the consequences, there can be recovery for exemplary damages.' The error being that the defendant is not liable in punitive damages for the wilful tort of one of its servants.

"9. Error in refusing the defendant's sixth request to charge, which was as follows: 'The defendant is not liable in punitive damages for a wilful tort by one of its servants in the absence of authorization or ratification.' The same containing a correct proposition of law applicable in the case.

"10. Error in refusing the defendant's seventh request to charge, which was as follows: 'To hold the defendant liable in punitive damages for the wilful tort of its servants, in the absence of authorization or ratification, would deprive the defendant of its property without due process of law, contrary to amendment XIV., Constitution of the United States.' The same containing a correct proposition of law applicable to the case.

"11. Error in refusing the defendant's eighth request to charge, which was as follows: 'A quotient verdict is illegal.' The same containing a correct proposition of law, and intended to warn the jury from the illegal practice of adding up the several individual estimates and dividing such sum by 12, and by previous agreement adopting such quotient as the verdict."

The appellant's attorney, with his accustomed analytical arrangement, has classified the questions presented by the exceptions under five heads, which we will follow in considering the exceptions.

The first is: Is a master liable in punitive damages for the wilful tort of a servant? This principle has been settled

so long and recognized so often in this State, contrary to the views for which the appellant contends, that we do not deem it necessary to add any authorities to those cited in the argument of the respondent's attorneys.

The second is: Was it competent evidence to show by the engineer that he had never done such a thing as run by a flag station when he was signalled to stop? In I Greenleaf on Evidence, section 54, the rule is thus stated: "In civil cases, such evidence is not admitted unless the nature of the action involves the general character of the party or goes directly to affect it * * * And in all cases when evidence is admitted touching the general character of the party, it ought manifestly to bear reference to the nature of the charge against him." Again, in section 55, it is said: "It is not every allegation of fraud that may be said to put the character in issue; for if it were so, the defendant's character would be put in issue in the ordinary form of declaring *in assumpsit.* This expression is technical, and confined to certain actions from the nature of which, as in the preceding instances, the character of the parties, or some of them, is of particular importance. This kind of evidence is, therefore, rejected whenever the general character is involved by the plea only and not by the nature of the action." In 5 A. & E. Enc. of Law (2d ed.), 863, it is said: "The fact that a party to a civil action, or some person concerned in the transaction out of which the action arose, is charged with fraud or moral delinquency, will not generally result in allowing evidence of character to be admitted." There are two reasons why this testimony was properly rejected: 1st. The nature of the action was not such as to render it admissible; and 2d. The engineer was not sued as a party defendant, and there were no allegations in the complaint charging *him* with wilful misconduct.

The third is: Did the Circuit Judge charge that the plaintiffs were entitled to recover upon proof of gross negligence?

When that part of the charge set out in the excep-

tions is considered in connection with the other portions thereof, and in connection with the defendant's requests that were charged, it will be seen that the charge is not susceptible of the interpretation placed upon it by the appellant.

The fourth is: Did the Circuit Judge charge that the plaintiffs were entitled to recover upon proof of ordinary negligence? This question is disposed of by what was said in considering the third question.

The fifth is: Did the Circuit Judge err in refusing the request to charge concerning quotient verdicts? The request was as follows: "A quotient verdict is illegal." The request simply contained a warning to the jury, and even conceding that it was a sound proposition, there is nothing in the record showing that the appellant suffered prejudicial injury by reason of the refusal to so charge.

It is the judgment of this Court, that the judgment of the Circuit Court in each of said cases be affirmed.

*This case is in United States Supreme Court.—R.*