13160

HOOPER BY GUARDIAN v. HUTTO

(158 S. E., 726)

December, 1930.

*Mr. J. L. Sherard,* for appellant.

*Mr. C. B. Earle,* for respondent,

May 28, 1931.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

The plaintiff, Raymond Hooper, an infant under the age of 14 years, by O. R. Hooper, as guardian *ad litem,* commenced this action against the defendant, P. M. Hutto, in the Court of Common-Pleas for Anderson County, September 3, 1930, for recovery of damages, actual and punitive, in the sum of $5,000.00 on account of personal injuries alleged to have sustained by the plaintiff as a result of being negligently and recklessly struck and run over by an automobile truck driven by Albert Thompson, an alleged employee of the defendant, acting within the scope of his employment at the time and place in question. The defend-

ant interposed a general denial and specifically alleged that the said Albert Thompson was not in his employ at the time of the plaintiff's alleged injury. The case was tried at the December, 1930, term of the said Court, before his Honor, Judge M. M. Mann, and a jury, and resulted in a verdict for the plaintiff for the sum of $979.16 actual damages, and the sum of $350.00 punitive damages. Following the rendition of the verdict, the defendant made a motion for a new trial, which motion the trial Judge overruled, and, from the entry of judgment on the verdict, the defendant, pursuant to due notice, has appealed to this Court.

In his exceptions, appellant presents four questions, the first and second of which we shall consider together, namely:

(1) That the trial Judge erred in overruling defendant's motion for a new trial, based upon the ground that the evidence was insufficient to show that the driver of the truck which struck and injured the plaintiff was in the employ of the appellant at the time plaintiff was injured.

(2) That the trial Judge erred in overruling the motion for a new trial, based upon the ground that the evidence was not sufficient to justify the awarding of punitive damages.

If, as contended by the appellant, the driver of the truck in question was not in the employ of the defendant at the time the truck struck the plaintiff and injured him as alleged, the appellant would not be liable, but the appellant is not in position to raise that question before this Court; neither is he in position to raise before this Court the question as to there being no evidence to support a verdict of punitive damages for the reason that these questions were not raised on a motion for a nonsuit or direction of a verdict. The appellant is precluded from raising these questions at this time under Rule 77 of the Circuit Court, which rule reads as follows:

"*Objections for Want of Evidence—Remedies.*—The point that there is no evidence to support an alleged cause

of action shall be first made either by a motion for non-suit or a motion to direct the verdict; and the point that there is no evidence to support a defense shall be first made by motion to direct a verdict."

See, also, the following cases: *Fogle v. Southern Railway Co.,* 83 S. C., 203, 65 S. E., 206; *Sawyer v. Marion County Lumber Co.,* 83 S. C., 271, 65 S. E., 225; *Wyatt v. Cely,* 86 S. C., 540, 68 S. E., 657.

Furthermore, an examination of the testimony disclosed by the transcript in the case convinces us that the trial Judge properly submitted these issues to the jury, and, if the appellant had made the motion provided for under Rule 77, under the record in the case, it would have been incumbent upon the trial Judge to have overruled such motions.

The third question raised by appellant is that the trial Judge erred in not instructing the jury that the appellant could not be held liable for punitive damages unless he ratified the acts of his alleged employee, Thompson, at the time in question. In overruling the exception raising this question, we deem it sufficient to state that the well-recognized law of this state is opposed to appellant's contention. In this connection, see the case of *Reeves v. Railway Co.,* 68 S. C., 89, 46 S. E., 543, and cases therein cited by respondent's counsel in that case.

The fourth question raised by appellant is that his Honor, the trial Judge, committed prejudicial error in his instructions to the jury as to the form of their verdict. The exception containing this allegation of error is as follows: "That his Honor, in charging the jury as to the form of their verdict, gave specific instructions in regard to the manner of writing their verdict for actual damages or actual and punitive damages, if they should find for respondent, but omitted to instruct the jury as to the form of their verdict if they should find for appellant, and this unintentional oversight on the part of his Honor was highly prejudicial to appellant's rights and was calculated to give

the jury the impression that respondent had established his case and was entitled to damages and that the only question for the jury was as to whether they should award only actual or actual and punitive damages."

It will be observed from the language contained in the exception that the appellant concedes that it was an unintentional oversight on the part of the trial Judge in not instructing the jury in the manner appellant now contends the jury should have been instructed. In his charge, his Honor instructed the jury fully as to the law of the case, and, at the conclusion of his charge, inquired of counsel if there was anything further, whereupon counsel for appellant asked for a more specific charge regarding the alleged employee of the defendant, and the Court complied with this request. Nothing further was requested by counsel for the appellant, and we must assume that counsel evidently thought that the charge was sufficient as to the form of the verdict. We are satisfied that appellant was in no way prejudiced by his Honor's charge as to the form of the verdict.

The exception must be overruled, and it is the judgment of this Court that the judgment of the Circuit Court be and is hereby affirmed.

MR. CHIEF JUSTICE BLEASE, and MESSRS. JUSTICES COTHRAN, STABLER, and BONHAM concur.