### WILLIAMS v. ATLANTIC COAST LUMBER CORPORATION
(134 S. E., 390)

1. LOGS AND LOGGING—PROOF OF TIMBER LEFT STANDING HELD ADMISSIBLE IN DEFENSE OF CHARGE OF SPITE CUTTING.—Purchaser of lumber, sued for spitefully cutting timber which it knew it could not remove within time allowed by its deed, *held* entitled to show in defense that it left standing timber also.

2. LOGS AND LOGGING—PURCHASER OF TIMBER HELD ENTITLED TO USE SKIDDER IN REMOVING IT.—Purchaser of lumber *held* within its rights in using skidder in removing timber purchased, if it was embraced in term "machinery," as used in its contract, and was not unreasonable or unnecessary, having due regard to rights of landowner.

3. LOGS AND LOGGING.—Purchaser of timber *held,* not liable to landowner for cutting line trees not reserved in conveyance, notwithstanding such acts were forbidden by Criminal Code.

4. EVIDENCE.—In action against purchaser for spitefully cutting trees which it knew it could not remove, evidence that it had committed similar acts on other lands *held* inadmissible.

5. EVIDENCE.—Generally evidence that person has done a certain act at particular time is not evidence that he has done a similar act at another time.

6. LOGS AND LOGGING.—Purchaser of timber *held* not liable to landowner for fires set accidentally or without negligence, notwithstanding Civ. Code 1922, § 4910.

7. LOGS AND LOGGING—PURCHASER OF TIMBER HELD NOT ENTITLED TO ALL SMALL TIMBER IT MIGHT ARBITRARILY OR UNREASONABLY WANT TO USE.—Purchaser of timber, with right to such small timber as it "may want to use in constructing and running said tramroads and railroads," *held* not entitled to all small timber which it might

arbitrarily or unreasonably want to use, or to excessive number of cross-ties.

8. LOGS AND LOGGING.—Issue of liability of purchaser of timber for conversion of down timber not purchased *held* sufficiently submitted to jury.

9. TRIAL.—Charge that it is usually necessary, in cutting and removing timber, to damage or destroy some of the other growth, *held* not objectionable as charge on facts, being admitted and further a fact of which Court should take judicial notice.

Before TOWNSEND, Jr., Marion, April, 1923.   Affirmed.

Action by R. O. Williams against the Atlantic Coast Lumber Corporation.   Judgment for defendant, and plaintiff appeals.

The following are plaintiff's exceptions:

(1) The Court committed error in refusing to grant plaintiff's motion to strike out of defendant's answer the allegations in relation to leaving on the land of plaintiff timber which defendant had a right to cut.   The error was that the allegations sought to be struck out were irrelevant, redundant, and constituted no defense to plaintiff's cause of action, because, if defendant cut timber which it had no right to cut, it could not justify the cutting by a failure to cut timber which it had a right to cut.

(2) The Court committed error in permitting defendant to introduce testimony tending to show that it left on plaintiff's land timber which it had a right to cut, and in ruling in connection therewith that such testimony was relevant in denial of damage and as going to the extent of the damage. The error was that the testimony was wholly irrelevant, tended to confuse the mind of the jury, and permitted the jury to consider as some kind of defense something which was no defense, because, if defendant cut timber which it had no right to cut, it could not deny or lessen the amount of damage to which plaintiff was entitled by leaving on the land timber which it had a right to cut.

(3) The Court committed error in not permitting plaintiff to testify as to damages done him by the use of skidders, and in holding that defendant had a right to use a skidder, if a skidder was machinery in common use. The error was that plaintiff had no absolute right to use a skidder even if it was machinery in common use, unless it could be used with due regard to plaintiff's reserved rights.

(4) The Court committed error in excluding from the jury's consideration and holding that plaintiff's testimony as to the cutting of line trees was irrelevant, for the reason that there was no exception of line trees in the deed from plaintiff under which defendant was operating. The error was that the line trees were not sold, because line trees are the joint property of adjoining landowners which neither has a right to cut, and the line trees could not have been included in plaintiff's deed.

(5) The Court committed error in excluding the following question propounded by plaintiff to the witness, D. R. Watson, "Does the A. C. L. Corporation cut other people's timber and leave it when they won't extend the time?" The error was that the testimony was relevant, and properly addressed to plaintiff's second cause of action, in order to establish motive, intent, absence of mistake or accident, or a common scheme and course of dealing.

(6) The Court committed error in excluding the following question addressed by plaintiff to the witness, John Owens: "Did Mr. McCants ever say anything to you about cutting down the timber of people that would not extend to him?" The eror was that, since Mr. McCants was the agent of defendant in general charge of obtaining extensions on timber contracts, the testimony was relevant and properly addressed to plaintiff's second cause of action, in order to establish motive, intent, absence of mistake or accident, or a common scheme and course of dealing.

(7) The Court committed error in holding and ruling that plaintiff could not put up witnesses to prove that defendant had cut down and left on the land timber of other landowners which it did not have time to remove within the terms of its contract, because the landowners would not grant extensions, and in limiting plaintiff to the cross-examination of defendant's witnesses on this point. The error was that plaintiff had a right to establish, by independent testimony, other acts of the same kind as those alleged in the second cause of action in order to show motive, intent, absence of mistake or accident, or a common scheme and course of dealing.

(8) The Court committed error in charging the jury as follows: "Whether or not 'skidders' were embraced in the term 'machinery' in the contract, would depend upon whether or not they were known and used as suitable instruments and machines in logging operations when the deed was made in 1899, and were reasonably convenient, suitable and adapted for such use." The error was that defendant was bound to have due regard for plaintiff's reserved rights, and to use only such instrumentalities as were reasonable and proper under the circumstances, and it could make no difference even if a skidder was known and used as a suitable instrument in logging operations, and as reasonably convenient, suitable, and adapted for such use, if its use under the circumstances constituted a want of due regard for plaintiff's reserved rights.

(9) The Court committed error in charging the jury as follows: "The plaintiff contends that this deed did not sell or convey to the grantees any line trees on the lands in question, and that the cutting of any line trees on the land was a violation of Cr. Code 1902, § 197, and an act of negligence, as matter of law. As to any standing line trees, if any such were cut, the deed gave the grantees therein the right to cut and remove such of them, as were at

the time of the cutting timber trees over 12 inches in diameter; and the cutting and removal of such timber trees over 12 inches in diameter, even if line trees, would give the plaintiff no right to recover damages therefor against defendant. The statute is to be construed in furtherance of, and in accord with, the Biblical injunction (Deut. xix, 14) against removing a neighbor's landmark, and not as destroying the owner's property right in a timber tree growing on his own land." The error was: (1) Since line trees are the common property of adjoining landowners neither has the right to cut them, consequently such trees were not sold by plaintiff, and defendant violated plaintiff's rights in cutting them; (2) defendant had no right to cut the line trees regardless of their size, because it is against the Statute law of the State to cut line trees.

(10) The Court committed error in charging the jury as follows: "There is no reservation of line trees as such in the deed; and if any line trees were cut, there would be no liability to plaintiff for the value of such as were 12 inches or over in diameter. But if such line trees were of less diameter than 12 inches when cut, the defendant would be liable to plaintiff for the actual damage thereby done to his land in consequence of the cutting of such trees, taking as a measure of damages the difference in the value of the land before and after the cutting." The error was: (1) Since line trees are the common property of adjoining landowners neither has the right to cut them, consequently such trees were not sold by plaintiff, and defendant violated plaintiff's rights in cutting them; (2) defendant had no right to cut the line trees regardless of their size, because it is against the statute law of the State to cut line trees.

(11) The Court committed error in charging the jury that, if defendant put out fire by accident on plaintiff's land, it would not be liable for the damage caused thereby, the error being that it would constitute a trespass upon real estate for which defendant would be liable, even if the

trespass was unintentional or accidental, and regardless of defendant's motive or degree of care under the circumstances.

(12) The Court committed error in charging that plaintiff could not recover for damage done by fire put out by defendant's logging engines on the land of plaintiff, in the absence of negligence, willfulness, or wantonness, the error being that defendant in operating its logging railroad was a railroad within the meaning of Section 4910, vol. 3, Code of Laws S. C., 1922, and was liable for any damage done without regard to negligence, willfulness, or wantonness.

(13) The Court committed error in charging defendant's third request to charge, which was as follows: "I charge you that under the deed executed by the plaintiff, the defendant had the right to cut such small timber on plaintiff's land as it might want to use in constructing and running its railways and tramways on said land." The error was that this charge permitted the jury to infer that defendant's cutting of small timber was only limited by what it might want to cut for the purposes stated, whereas defendant's wants could not be arbitrary, but only such as a reasonable person under the circumstances would want.

. (14) The Court committed error in charging the following portion of defendant's sixth request to charge: "I charge you that it is usually necessary in cutting and removing timber to damage or destroy some of the other growth upon the land." This was error for the reason that it was an expression of opinion by the Court upon the facts of the case, and was a charge upon the facts in violation of Article 5, § 26, of the Constitution of South Carolina.

(15) The Court committed error in not granting a new trial for the reason stated in plaintiff's first ground of motion, namely, because it was undisputed that defendant removed from the land and converted to its own use some of plaintiff's down timber which had not been sold.

(16) The Court committed error in not granting a new

trial for the reason stated in plaintiff's second ground, namely, because it was undisputed that defendant, without right or authority, put out fire on plaintiff's land, thereby causing at least some injury for which plaintiff was entitled to compensation.

*Messrs. L. M. Gasque and W. F. Stackhouse,* for appellant, cite: *Allegation that defendant could have cut still more timber no defense:* 282 F., 485. *Admissibility of testimony of similar crimes:* 88 S. C., 239. *Declarations of agent since deceased admissible:* 83 S. C., 15; 72 S. C., 556; 27 S. C, 225. *Cutting line trees prohibited:* Crim. Code, 1922, Sec. 59. *Trespass though without willfulness is tortious:* 78 S. C., 419. *Court to charge law only:* Const. of 1895, Art. V. Sec. 26.

*Messrs. M. C. Woods and Lide & McCandlish,* for respondent, cite: *Evidence of timber left standing admissible:* 99 S. C., 158. *Use of skidders proper under terms of deed:* 121 S. C., 30; 112 S. C., 71; 251 F., 876. *Timber deed implies consent to do all reasonably necessary to remove timber:* 93 A., 261. *Cutting line trees prohibited:* Crim. Code 1922, Sec. 31. *Cutting line trees trespass at common law:* 9 C. J., 297. *Admissibility of evidence of similar crimes:* 131 S. E., 603; 79 S. C., 288; 22 C. J., 744. *Railway owner liable for damages from fire without proof of negligence in action under Statute:* Civ. Code 1922, Sec. 4910. *Complaint alleges fire damage as at Common Law; not under statute:* 87 S. C., 239; 83 S. C., 557; 41 S. C., 86. *Party may not except to charge made at his request.*

August 24, 1926.

The opinion of the Court was delivered by MR. ACTING JUSTICE PURDY.

The respondent, through a predecessor in interest, became the owner of the standing trees on a tract of land described in the complaint, down to 12 inches at the stump at the

time of cutting, and the time expired on December 29, 1919. The grant carried the right, among other things "to erect all steam railways and tramways, machinery, buildings, improvements, and fixtures" to be used for the objects and purposes set out in the deed, and to cut such small timber as the grantee "may want to use in constructing and running said railways and tramways." It appears that the respondent commenced to cut and remove the trees some time during the summer of 1919. It contends that it ceased to cut the trees on the second day of December, 1919.

The appellant contends that the cutting went on, long after that date in December. A considerable number of trees was left standing on the land, and the appellant contends that a very large quantity of trees was cut down, aggregating something like 1,000,000 feet of lumber, while the respondent contends that there were only about 178,000 feet cut down, and sawed into stock lenghts, and which it was unable to remove on account of the scarcity of labor at that season of the year. The respondent removed from the premises at the expiration of its right to operate, and not quite two years thereafter this action was commenced. There are two causes of action set up in the complaint, alleging, in brief, that the wrongs done by the respondent to the appellant are in substance as follows:

"That in the assertion of its right claimed under the aforesaid deed, the defendant unreasonably, acting without right or authority, in violation of the rights of the plaintiff, over his protest, negligently, willfully, and wantonly (a) cut and removed from said premises large quantities of fallen timber of great value which were not embraced within the conveyance above described; (b) wastefully used large quantities of timber and small trees for cross-ties in excess of any reasonable needs; (c) put out fire on the premises, thereby destroying large quantities of wood, trees, fencing, and other property; (d) cut and removed a large number

of line trees from said property; (e) injured and destroyed by its operations large quantities of young timber on said land which were not covered by the said deed, as well as the undergrowth, brush, and shrubbery thereon, such injury and destruction being wholly unnecessary, defendant being well able to cut and remove, with all reasonable convenience, all the timber acquired by it under said deed without causing such injury or destruction."

The damage for this cause of action is alleged to be the sum of $15,000.

For a second cause of action, it is alleged that the respondent, knowing that it could not cut and remove all of the timber within the time limited, and upon failing to get the time extended, willfully, wantonly, and in utter disregard of the rights of the appellant, and in order to oppress him, went upon the said timber, thereby destroying said timber and the plaintiff's property rights therein, and left the same on the premises, thereby greatly damaging the small trees, timber, shrubbery, and other property not covered by the aforesaid deed, to the further damage of appellant in the sum of $15,000, and judgment is demanded for $30,000.

The answer of the defendant, after admitting the execution of the conveyance of the timber and the possession and operation under it, denies all other allegations of the complaint; and alleges that it exercised its right in a reasonable and lawful manner, and that it cut and removed the timber in good faith, without violating the rights of the plaintiff; that as to any timber that was already down, not embraced in the conveyance, the respondent offered to allow the appellant timber from other land, and this the defendant accepted; at the same time denying that it cut any trees on the land to which the appellant was entitled, but if such was done, it pleads satisfaction and settlement; and in reference particulary to the allegation contained in the second cause of action, it admits that it could not get an

extension from the appellant; that it cut down the trees in good faith, expecting to be able to remove them, but on account of scarcity of labor at that season of the year, it was hindered from procuring labor to complete the cutting and removing of the timber from the land, and that it left standing thereon, uncut, a very considerable amount of timber which it was entitled to cut, under the terms of its deed; and that it cut down no timber with the intention of leaving it on the land.

The appellant moved to strike from the answer of the defendant the following allegation: "It left standing thereon, uncut, a very considerable amount of timber which it was entitled to cut under the terms of the aforesaid deed," on the ground that the same was "irrelevant, redundant, and constituted no defense." This motion was denied.

The trial of the case resulted in a verdict in favor of the defendant. A motion for a new trial was made upon two grounds: (1) Because it was undisputed that the plaintiff removed from the land and converted to its own use "down timber" which was the property of the appellant; (2) because it was undisputed that the respondent, without right or authority, put out fire on defendant's land, thereby causing some injury for which he should be compensated.

The exceptions will be reported. We think that the exceptions may be considered under the grouping as made by the respondent, the charges being that the Court erred:

"(a) In holding that it was relevant for defendant to show in defense to the second cause of action that standing timber was left on the land. See exceptions 1 and 2.

"(b) In the admission of testimony and in his charge as to the use of skidders. See exceptions 3 and 8.

"(c) In holding that plaintiff was not entitled to recover for the cutting of line trees. See exceptions 4, 9, and 10.

"(d) In excluding testimony relating to the cutting of other tracts of timber by defendant. See exceptions 5, 6, and 7.

"(e) In his charge to the jury as to the liability of defendant with reference to fires, and in refusing a new trial on this ground. See exceptions 11, 12, and 16.

"(f) In charging the jury with reference to defendant's right to use small timber. See exception 13.

"(g) In refusing a new trial upon the ground that defendant had converted some of plaintiff's down timber. See exception 15."

Considering these exceptions in their order:

(a) The appellant charged that the respondent, knowing that it could not remove the trees within the time limited in the conveyance, willfully, and with intent to oppress the appellant, caused large numbers of trees to be cut down and left upon the ground, the intent being to injure and oppress the appellant. One of the best evidences of the intention of the respondent to do these acts would naturally be gathered from what the respondent did or did not do, and while it might not technically be a defense to defeat a cause of action, if one existed, it was entirely proper to make this allegation, and to offer proof in support of it, in direct negation of the allegations of willfulness and intent on the part of the respondent to oppress the appellant.

(b) In reference to the use of a skidder as machinery — the progress of the trial his Honor held that the respondent would have a right to use a skidder, unless it was "unreasonable or unnecessary," adding:

"It becomes a question for the jury, and if it was machinery in common use, they had a right to use it."

Testimony was introduced, showing the condition of the land where a skidder was used and where other means were used to remove the timber. His Honor told the jury that whether or not skidders were embraced in the use of the term machinery in the contract, would depend on whether or not they were known and used as suitable instruments and machines in logging operations when the

deed was made in 1899, and were reasonably convenient, suitable, and adapted for such use.

In this connection, his Honor further charged that the respondent would be liable to the defendant for any damage which might result from its negligent acts in the cutting and removing of the timber sold to it, but that it would be liable only for such damage as arose, if any there was, from any trespass, or such negligent, willful or wanton act of wrong as are alleged in the complaint to have been committed by the respondent, its servants, and agents, in connection with the cutting and removing of the timber, and it would be the duty of the respondent to use ordinary care to avoid unnecessary injury or damage to the lands and small growth not sold by the appellant.

Taken in connection with the plaintiff's first request, which embodied a correct proposition of law and was charged as such, the whole issue in reference to the use of a skidder as a means or instrumentality for cutting and removing the trees and timber was correctly submitted to the jury.

This request of the plaintiff is as follows:

"While a purchaser of timber standing on the land of another has a right to remove the timber in such manner as may be reasonably necessary to obtain the fruits of his purchase, yet he has no right to arbitrarily use any means or instrumentalities that he may desire to use, nor can he arbitrarily exercise his rights in such manner as he may desire to exercise them, or in such manner as may best suit his convenience, but he must use such means and such instrumentalities, and must exercise his rights in such manner as a person of reasonable care and prudence would act under the circumstances, *having due regard to the right of the landowner.*"

(c) Relating to the cutting of line trees, exceptions 4, 9, and 10: There is not any reservation in the deed. If the appellant conveyed a greater interest

in the trees than he had, the other party who has an interest in the line trees, might complain, but the appellant would have no cause of action, as he is estopped by his conveyance. The fact that these acts are forbidden by the Criminal Code and are punishable, has no bearing upon the issues here.

(d) Relating to exceptions 5, 6, and 7, raising issues as to proof of cutting timber on other lands:

The appellant sought to show that in other instances in which the respondent was unable to procure extensions for cutting and removing trees from other lands, the respondent, for spite and in order to compel others to grant extensions, had cut and left large quantities of timber on such other lands, with no intent to remove the timber. The appellant was denied the right to offer such testimony.

The general rule is that the law will not consider evidence that a person has done a certain act at a particular time, as probative of a contention that he has done a similar act at another time. 42 Corpus Juris, p. 744. See, also, *Southern Railway v. Howell,* 79 S. C., 288; 60 S. E., 677.

(e) Relating to his Honor's charge to the jury with reference to fires and refusing to grant a new trial on this ground, as complained of in exceptions 11, 12, and 16: His Honor correctly charged the jury that if the jury found that in the course of operations, fire was accidentaly put out by the respondent, it would not be liable. At the request of the appellant, his Honor charged the jury:

"If you find from the testimony that the defendant in the course of its timber operations negligently put out fire on plaintiff's land, then defendant would be liable to plaintiff for the actual damage done to plaintiff by said fire."

This is in direct response to the allegations made in the complaint, which alleged a common-law action, based

on negligence. The distinction between the two causes of action is well recognized, one being under the statute, *Crawford v. Lumber Co.,* 110 S. C., 318; 96 S. E., 494; and the other at common law, based on negligence. This has been long recognized. *Hunter v. Columbia, N. & L. R. Co.,* 41 S. C., 86; 19 S. E., 197.

The complaint in this case, in addition to alleging negligence, alleges that the fire was willfully and wantonly put out on the premises of the appellant, destroying large quantities of wood, trees, fencing, and other property. While it appeared that fire had burnt over some portions of appellant's land, the testimony is conflicting. The appellant offered testimony tending to show damage, and the respondent, on the other hand, offered testimony tending to show that there was no damage done—all of which was passed upon by the jury.

(f) Relates to alleged errors with reference to submission of the issue as to cutting and using small timber as found in exception 13. As to this, his Honor charged the jury:

"You should ascertain how much such timber less than 12 inches in diameter was cut and used by defendant for such purposes, and how much was necessary for such, and so determine whether defendant cut or used more than was reasonably necessary, and if the defendant cut more than was necessary for those purposes, how much the cutting of such excess injured the land or rendered it less valuable than before. If the plaintiff should be entitled to damages on account of such cutting, it would only be for such damage as grew out of the cutting of the excess."

His Honor charged the jury, at the request of the respondent, as follows:

"I charge you that, under the deed executed by the plaintiff, the defendant had the right to cut such small timber on plaintiff land as it might want to use in constructing and running its tramways on said land."

In the same connection he charged the jury as follows:

"In a conveyance conferring the right to cut such small timber as the grantee may not want 'to use in constructing and running said railroads and tramroads.' it does not mean such as the grantee may arbitrarily or unreasonably want to use, but only such as a reasonable man would want to use, having due regard for the rights and interest of the grantor.

"While the defendant in this case, under the terms of the timber deed, had a right to use such small timber for cross-ties as it might want to use in constructing and running its railroads and tramroads, provided for under the terms of the timber deed, yet that does not mean it could use such small timber for cross-ties as it might arbitrarily or at its mere whim desire to use, but it would be limited to such small timber for cross-ties as was reasonably necessary in the enjoyment of the right granted, and if it used small timber for cross-ties in an excessive, wasteful, and unreasonable manner, then it would be liable to plaintiff in damages for so doing."

(g) Relates to alleged error in not granting a new trial upon the ground that respondent had converted some of the appellant's "down" timber. The testimony was conflicting as to whether any timber was used that was not embraced in the conveyance. Testimony was offered by the respondent tending to show that a statement was offered the appellant by the respondent by giving other trees in place of those which the appellant claimed that he was entitled to, and he accepted this in settlement. His Honor plainly charged the jury that if any such fallen timber was used, it would be a trespass against the appellant, for which he could recover his actual damages—the value of the timber so taken from him.

As stated, there was testimony tending to show that there was no such timber upon the ground, and there was further testimony in relation to accord and satisfaction,

if any were taken, all of which was passed upon by the jury.

We omitted exception 14 from the group (b) as made by respondent. That exception is as follows:

"That his Honor committed error in charging the jury: 'I charge you that it it is usually necessary in cutting and removing timber to damage or destroy some of the other growth upon the land.' "

This is complained of as a charge on the facts. It has been so repeatedly held that it is not error to refer to an admitted state of facts, that it is not necessary to cite authority in support of this. The Court can and does take notice of the fact that, if there is an undergrowth in the woods, and trees are thrown upon it, the undergrowth will be damaged, and it is impossible to remove a tree without cutting it down. There was no error, as imputed, therefore, in this exception.

While we have adopted the grouping made by the respondent, exception 15 imputes error in not granting a new trial on two grounds, as hereinbefore shown, the one upon the ground that it appears that "down timber" was taken and not paid for, and the other that fire was put out and did damage for which no compensation was made.

As we have attempted to show, as to the one, there was an issue as to whether any down timber was taken at all, and there was testimony to the effect that if such was taken, settlement was agreed upon. As to the other, the issue as to putting out the fire and the damage done by it was submitted to the jury.

We have made reference to the various exceptions generally, refraining from repeating them, for the reason that, being reported, the references we have here made to them can be enlarged by an examination of the exceptions themselves.

The case, being a most trying and difficult one in its

many phases, was fairly submitted to a jury who knew all of the parties—the jury weighed the testimony and found in favor of the respondent. There is not a material matter arising under the allegations of the complaint which is not controverted. It was the province of the jury to settle these issues, and on each and every issue his Honor painstakingly and with great clearness charged the jury, and, in our opinion without error. All of the exceptions are therefore overruled, and the judgment is affirmed.

MESSRS. JUSTICES COTHRAN, BLEASE and STABLER concur.

MR. JUSTICE WATTS dissents.

MR. CHIEF JUSTICE GARY did not participate.