13719

HOLCOMBE v. W. N. WATSON SUPPLY CO., INC.

(171 S. E., 604)

*Messrs. Nettles & Poteat* and *P. A. Bonham,* for appellant,

*Messrs. Price & Poag* and *W. A. Bull,* for respondent,

November 17, 1933.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

On March 7, 1932, W. W. Holcombe, an elderly resident of Greenville, was struck and fatally injured by a motor-truck on one of the streets of the city. The plaintiff, his widow, as executrix of his estate, brought two actions against the defendant company; one under the death statute for the benefit of herself and the two children of the deceased, and the other under the survival act for the benefit of the estate. She alleged that on the morning of March 7, her husband was walking north on the west sidewalk of Washington road in the City of Greenville; that "when he reached Boyce Avenue, where it intersects with Washington Road, and started to cross, a truck owned by the defendant and operated by one of its negro drivers suddenly and without warning turned from Washington Road into Boyce Avenue and ran into and against him, knocking him down against the concrete pavement, breaking his leg, cutting and bruising his face and body, and injuring him internally to such an extent that on March 16th he died"; and that his injuries and death were caused by the negligence and recklessness of the driver of the truck in the following particulars:

"(a) In failing to have the truck under proper control so that he could either stop or avoid a collision.

"(b) In failing to give any warning signal of his approach.

"(c) In failing to drive to the right of a safety mushroom placed in the center of Washington Road in direct violation of the ordinance of the City of Greenville.

"(d) In failing to enter Boyce Avenue to the right of the center of the street as required by the ordinance of the City of Greenville.

"(e) In making a sharp left turn from Washington Road into Boyce Avenue so as to enter Boyce Avenue to the left

of the center of the street in strict violation of the ordinance of the City of Greenville, and,

"(f) In failing to keep a proper lookout for pedestrians using the street."

The defendant interposed a general denial and pleaded, as a further defense, "that the said W. W. Holcombe was negligent and reckless in failing and neglecting to take any precautions for his own safety in crossing Boyce Avenue on the occasion stated in the complaint, and such negligence and recklessness contributed as a direct and proximate cause of his death."

The cases were tried together by consent; the trial resulting in a verdict for plaintiff for $6,000.00 in the action under the death statute, and for $525.15 in the suit under the survival act.

At the close of plaintiff's testimony, counsel for the company made a motion for a nonsuit on the following grounds: (1) That there was no proof that the driver of the truck was the agent of the defendant on the occasion of the accident; and (2) that there was no evidence of actionable negligence or willfulness in the case. These grounds are renewed here by defendant's exceptions.

In his consideration of the first ground of the motion, the trial Judge held that the admission by the company of the ownership of the truck, and that it was in the possession of the driver at the time of the accident, was not a sufficient showing of agency; but he reopened the case and permitted the plaintiff to offer additional testimony.

W. N. Watson, president of the defendant corporation, was then called as a witness. He testified that the man who was driving the truck was in the employ of the defendant at the time that Holcombe was injured, and that he was still in its employment; that the truck was used for the purpose of making deliveries only, and that the driver was not

permitted to use it for anything except the business of the corporation; and the investigation by the witness did not disclose that such employee was violating any of the company's rules at the time of the accident. Judge Shipp then refused to grant the motion on that ground.

The holding of the trial Judge was correct. The evidence was ample, under our decisions, to send the case to the jury on the question of agency. See *Osteen v. South Carolina Cotton Oil Company,* 102 S. C., 146, 86 S. E., 202, L. R. A., 1916-B, 629; *Williamson v. Pike,* 140 S. C., 376, 138 S. E., 831; *Chantry v. Motor Company,* 156 S. C., 1, 152 S. E., 753.

As to the second ground, it appears that no one saw the accident except the driver of the truck, and for some unexplained reason he was not offered as a witness in the case. A number of other persons, however, who arrived upon the scene immediately after the accident, did testify. The evidence tended to show that a mushroom, or traffic signal, had been placed by the city in the center of Washington Road at its intersection with Boyce Avenue. The plaintiff introduced in evidence a city ordinance, which provided that a person driving a motor vehicle, in making a left turn at this intersection, should keep to the right of such signal. There was also introduced in evidence another ordinance, which provided that pedestrians, where a signal of such sort is placed, have the right-of-way in crossing the street at that point. There was testimony which tended to show that the driver of the truck turned out of Washington road into Boyce Avenue to the left of the traffic signal in violation of the city ordinance. This was inferable from testimony offered as to the position of the truck and that it struck the deceased very near the left curb of Boyce Avenue in the direction in which it was going. Unquestionably, this and other testimony in the case made the issue of actionable negligence and willfulness one for the determination

of the jury. If the defendant violated the city ordinances as alleged, and as the testimony tended to show, he was guilty of negligence *per se*. It is not denied that the plaintiff at the time was where he had a right to be; that is, he had a right to cross Boyce Avenue at that point, if he so desired, exercising, of course, due care for his own safety. The driver of the motor truck, a highly dangerous machine, was bound to use such care as the situation or circumstances demanded. As stated in *Manly v. Abernathy*, 167 N. C., 220, 83 S. E., 343, quoted with approval in *Crouch v. Cudd*, 158 S. C., 1, 155 S. E., 136, a driver of such machine, "when turning at the angle of two intersecting streets or roads, should strictly obey the law and exercise that degree of care generally which is commensurate with the great hazard produced by failure to do so." There was no error in refusing the motion on this ground.

The main question presented by the appeal is raised by the fourth exception, which reads as follows:

"Error in refusing to permit the defendant to prove that the deceased had been habitually negligent and careless in his use of the highways. It is respectfully submitted that the testimony of the witness Harvley and the testimony of the other witnesses proffered on this point was competent to show a course of habit or conduct on the part of the deceased."

H. C. Harvley, called as a witness by the defendant, testified that he had seen the deceased at times, for a period of several months, on the Laurens Road walking to and from his farm, which was about two miles out of town. He was asked if he knew anything about Holcombe's habits in his use of the highway. This question was objected to by counsel for plaintiff, and the objection was sustained. In the absence of the jury, however, the witness was permitted to say what he would testify to, if allowed. He stated, in answer to questions of counsel, that he thought the deceased

was careless on the highway, adding in explanation of his statement: "I mean he would walk more in the road than he would in the side of the road; he was a very small man and stooped and he generally wore dark clothes and if it was about dusk, and he generally came in about dusk on lot of occasions, and you would almost run up on him before you saw him, which happened to me several times." The Court then ruled as follows: "I don't think that it is relevant; I don't think it is admissible in this case, because it refers to some time other than the time the act is alleged to have taken place; my understanding of the law is you can't prove negligence on other occasions in order to establish negligence on some other occasion."

Counsel for the defendant, in argument before the trial Judge, took the following position: "The general rule is unquestionably that it (such testimony) is not admissible, but there are exceptions to the rule, and the exceptions under which I believe we come is this, where you have got no direct testimony, no eye witness and testimony as to what caused the injury, and you have got to depend on presumptions and inferences, more or less, and secondary evidence, then it is, so to speak, as good evidence as is obtainable. Now, your Honor, that is the position, and that is the situation in this case. There is no eye witness here that says anything about it here."

As to the admissibility of evidence of this character, the decided cases are not in accord, and any attempted analysis of them would be an unprofitable expenditure of labor and time.

In 10 R. C. L., 955, we find: "A habit of doing a thing is naturally of probative value as indicating that on a particular occasion the thing was done as usual, and, if clearly shown as a definite course of action is constantly admitted in evidence. Nevertheless there are some instances in which habit may be thought to be obnoxious to the character rule,

particularly a habit of carelessness or intemperance, and a habit of carelessness or negligence; and on these points there is no uniformity of ruling."

In Jones on Evidence at page 168, the learned writer says: "We have already seen that in actions based on negligence it is irrelevant to prove that the plaintiff or the defendant has on similar occasions been careful or negligent; in like manner it is irrelevant to show that either party has hitherto had the reputation of being prudent or negligent."

In *Bedenbaugh v. Railway Company,* 69 S. C., 1, 48 S. E., 53, 58, the Court quoted with approval the following from *Chase v. Ry. Co.,* 77 Me., 62, 52 Am. Rep., 744: "It was said in *Eaton v. Telegraph Company,* 68 Me., 63, that the best authorities clearly sustain the doctrine that the fact of a person having once or many times in his life done a particular act in particular way does not prove that he has done the same thing in the same way upon another and different occasion."

In 10 R. C. L., 955, the writer states: "The weight of authority seems to be against admitting evidence of general conduct under proven circumstances to show conduct of the same kind under similar circumstances on a particular occasion, when there were eyewitnesses of the occurrence."

In 22 C. J., at page 749, we find: "Evidence of habit is frequently rejected when offered for the purpose of showing that a person acted in accordance with such habit on a particular occasion, especially where direct evidence is or can be produced, or the act is otherwise fully proved."

For a full discussion of the question, see *Wallis v. Southern Pacific Company,* 184 Cal., 662, 195 P., 408. This case is also reported in 15 A. L. R.., 117, with a full and valuable annotation beginning at page 125. In his introductory note, the annotator has this to say: "As a practical question, the only instances where testimony of the habit, custom, or reputation of one killed or injured by another's

negligence would be of importance are confined almost exclusively to cases where there are no witnesses of the accident, for if there are witnesses their statement of what the injured person actually did at the time is the best evidence of his care or negligence, and his custom or habit in the matter becomes immaterial."

See, also, *Zucker v. Whitridge*, 205 N. Y., 50, 98 N. E., 209, 41 L. R. A. (N. S.), 683, Ann Cas., 1913-D, 1250.

It is clear from the foregoing authorities, and others that might be cited, that the testimony sought to be introduced was admissible, if at all, only under the "exception" stated by defendant's counsel. So much we think is inferable from the following language used by this Court in the *Bedenbaugh case, supra*: "The ruling of his Honor, the Circuit Judge sought to limit the inquiry of the defendant as to the plaintiff's use of liquor to the precise moment of his injury. We agree with the Circuit Judge that, where there was direct testimony contradictory, as it was, of this condition of plaintiff at the time of the accident, it was not competent to go into the general habit of the plaintiff in his use of intoxicants."

See also, *Reeves v. Southern Ry. Co.*, 68 S. C., 89, 46 S. E., 543; *Williams v. Atlantic Coast Lumber Corporation*, 136 S. C., 423, 134 S. E., 390.

We are of the opinion, however, that the appellant failed in the case at bar to bring itself within the exception stated, even if it be conceded that such rule of evidence prevails in this jurisdiction. As already indicated, direct evidence could have been produced by the defendant to show how the deceased was injured. The president of the company testified that the driver of the truck, for whose alleged negligence the defendant was being called to account, was still in the company's employment at the time of the trial of the case, almost one year after the accident occurred, and at the moment was in the courtroom. Certainly, the

appellant should not be heard to complain of the refusal of the trial Judge to admit the proffered testimony with regard to the habits of the deceased on the highways, when it had within its call the truck driver, its own employee, who could have given direct testimony as to the cause of the accident.

Furthermore, if admissible at all, testimony of habits must be relevant to the issue before the Court. To illustrate: It has been held that evidence is not admissible as showing that it was the habit of a person to ride on platforms of cars, in an action for damages for injuries received by such person while attempting to board a street car, by being thrown to the pavement. Nor is testimony admissible to show that a person had been in the habit of catching rides by boarding cars while in motion, in an action by such person for damages for injuries received by being struck by a car while he was attempting to cross railroad tracks.

In the case at bar the evidence sought to be introduced, as we have seen, merely tended to show that the deceased at times, while walking along a county or State highway, "would walk more in the road than he would in the side of the road." It is to be remembered that there are no sidewalks along the highways, and that pedestrians often walk in the road as well as along the side of the road; and while it is true that a person walking on or along a highway is bound to exercise due care in the circumstances for his own safety and protection, the circumstances may be such that it would not be an act of negligence to walk "in the road."

It is conceded that the deceased met his death on one of the streets of the City of Greenville, and not on a public highway, and that he was at the time crossing the street at a place where he had a right to cross, and at a point where an ordinance of the city gave him the right-of-way. We do not think, therefore, that the testimony proffered by plaintiff was of any probative value as showing the habits of

the deceased "on other similar occasions." In other words, it was not relevant to the issue before the Court. There was no error as complained of.

The appellant also contends that Judge Shipp was wrong in refusing to grant the defendant's motion for a new trial *nisi* in the action under the death statute, made on the ground that the verdict for $6,000.00 in that case was excessive. This Court has held repeatedly that the granting of a new trial for such reason; is largely a matter for the trial Judge, and that his action will not be interfered with unless it is shown, which is not made to appear in this case, that he abused his discretion.

The judgment of the Circuit Court in each case is affirmed.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES CARTER and BONHAM and MR. ACTING ASSOCIATE JUSTICE W. C. COTHRAN concur.