16221

PRUITTE v. MACHEN *ET AL.*
(53 S. E. (2d) 866)

14

*Mr. W. W. Wilkins,* of Greenville, *for Appellant,*

*Messrs. Benj. A. Bolt and Hubert E. Nolin,* of Greenville, *for Respondent,*

May 27, 1949.

STUKES, Justice.

This action is for damages suffered in an automobile collision which occurred at the intersection of Stone Avenue and Townes Street in the City of Greenville. The personal defendant interposed a counterclaim and the jury awarded him verdict of $241.00. The accident happened when he entered the intersection from Townes Street which is a stop street, so marked in large painted letters on the pavement. He testified frankly that he did not stop his automobile but that he reached the intersection fifteen or twenty feet behind another car which had stopped, and he slowed his vehicle to about twelve miles per hour and attempted to cross after looking in both directions, up and down Stone Avenue, for other, approaching vehicles. There was no evidence of obstruction to his view.

Plaintiff was traveling, he and other witnesses said, at from thirty to thirty-five miles per hour on Stone Avenue, which is a State Highway and an express street, and was not conscious of defendant's intended entrance into the intersection without stopping until it was too late for him to stop although he applied his brakes and his car skidded a distance of thirty-odd feet. It appears from all of the evidence that the collision occurred near the center of the intersection. No further comment upon the testimony need be made.

The exceptions of plaintiff upon appeal relate only to imputed errors in the charge of the court to the jury. At the conclusion of the general instructions the court considered several requests to charge which were made in writing by the defendant and after disposing of them inquiry was made of counsel whether there were further requests. Plaintiff's counsel asked in response that the term "right-of-way" be defined to the jury, which the court refused. It would have been well to have complied with counsel's request and have given at least the brief statutory definition contained in Code, sec. 1616(1), which is, "the privilege of the immediate use of the highway." However,

the meaning is generally understood and accepted and we are not convinced that this alone constitutes reversible error in view of the charge as a whole.

Further verbal request was made by plaintiff's counsel that the jury be instructed that the plaintiff was traveling on a "through street" on which the speed limit is thirty-five miles an hour and that the city ordinance which specified a limit of fifteen miles upon approaching a street intersection did not apply. This the court declined with the explanation that it might be confusing to the jury because he had read the statute which contains the thirty-five mile limit upon State highways or streets used as such. This, we are constrained to hold, was error which requires reversal.

There is conflict between the portions of the Greenville traffic ordinance and the applicable State statute, which were read to the jury, and they were not told which is controlling. Sec. 673 of the ordinance fixes twenty-five miles per hour as the maximum under all conditions and fifteen miles upon approaching and traversing a street intersection where the view along the intersecting street for a distance of two hundred feet is obstructed. Sec. 1616 (2) of the Code of 1942, also read to the jury, provides a speed limit of thirty-five miles per hour in a residence district, here involved, with requirement to decrease speed "when approaching and crossing an intersection  *  *  *  as may be necessary to avoid colliding with any person, vehicle, or other conveyance *on or entering the highway in compliance with legal requirements  *  *  **." Admittedly, defendant's vehicle was not on this occasion one such as is described in the emphasized portion of the quoted statute because it was not stopped prior to entrance into the intersection in accord with the regulation and conspicuous sign.

The jury were charged Code sec. 1616(3) which provides that under certain conditions the local (city) authorities may declare a lower speed limit at intersections, except of two State highways, "which shall be

effective when appropriate signs giving notice thereof are erected at such intersections or upon the approach thereto." But there was no evidence in this case of any such signs; on the contrary, there were State thirty-five mile signs. The limits of the statute govern, as evidenced by the highway signs, and it was prejudicial to plaintiff to charge the lower limits prescribed by the ordinance which plaintiff admitted he was exceeding as he approached the intersection of Townes Street with the State highway which he was traveling.

A further ground of appeal is the alleged error in the following instruction of the jury pursuant to request II of the defendant and the comment of the court:

"I charge you that vehicles traveling along a street which has been designated by law as a through, or express street have the right-of-way over vehicles coming into said streets from intersecting streets; but this right is not absolute under all circumstances and conditions but is relative only and is determinable by the relative position of the approching vehicles, their relative speeds and other attending circumstances. Therefore, a vehicle when crossing such an express or through street at an intersecting street, under some conditions, have the right-of-way over automobiles approaching on the through street or express street, and therefore not be guilty of negligence or violation of law in attempting to cross such through or express street in front of approaching vehicles, but in crossing through or express street may in considering the relative position of both vehicles, their relative speed and other circumstances, be in the exercise of ordinary care and diligence.

"That is correct, Gentlemen. In other words, it is a question of relative application as to the position of the automobiles at the time in question, taking into consideration all of the facts and circumstances surrounding at the time and the circumstances attending at the time."

In the first place the instruction fell far short of clarity. More important, it was inapplicable to the facts in evidence and therefore misleading. Defendant himself testified that he entered the express highway, Stone Avenue, without stopping. Code sec. 1616(21)(a), which does not appear to have been read to the jury, is as follows:

"(a) The driver of a vehicle shall stop as required by this section at the entrance to a through highway and shall yield the right-of-way to other vehicles which have entered the intersection from such through highway or which are approaching so closely on such through highway as to constitute an immediate hazard, but the driver having so yielded may proceed and the drivers of all other vehicles approaching the intersection on said through highway shall yield the right-of-way to the vehicle so proceeding into or across the through highway."

It should have been made clear to the jury that one entering the intersection of an express street or highway from a side or cross street or road in order to become entitled to the right-of-way must have entered the intersection in a lawful manner and otherwise he cannot ordinarily recover damages, unless his violation be found not to have been a proximate cause of an ensuing accident.

Finally, an exception relates to the instruction given pursuant to defendant's request III. It was as follows:

"I charge you that the mere fact that the driver of a vehicle has the right-of-way over another vehicle will not absolve the driver from the use of such care as the circumstances may require. One operating an automobile along a through street, or express highway, is required to exercise ordinary care and prudence in observing the approaching of automobiles from streets entering or intersecting with said through street, and would be required to yield the right-of-way to automobiles which had approached and already entered said intersection."

Plaintiff's counsel asked that the charge be modified by adding: "Provided the driver of the approaching automobile has approached and entered the intersection in accordance with the law." Thereafter the record shows the following: "The court: Wait just a minute. That is a correct proposition of law—I am going to leave it as it is." Much that has been said relating to the preceding exception is applicable to this. The charge unmodified was misleading and prejudicial to plaintiff who originally had the right-of-way. He should not be held to have lost it to defendant by reason of the latter's violation of law.

Undoubtedly it is difficult to fairly fix legal responsibility in such cases and trial juries should be clearly and correctly instructed as to the governing law. That, too, we realize, is difficult.

There are two recent cases from this court in which highway stop signs were considered. They are *Lynch w. Pee Dee Express,* 204 S. C. 537, 30 S. E. (2d) 449, and *Lawter v. War Emergency Co-op Ass'n,* 213 S. C. 286, 49 S. E. (2d) 227. A very exhaustive annotation upon the subject of traffic signals at street intersections is in 164 A. L. R., beginning at page 8. At page 103 *et seq.* there are digests of many decisions of other courts which involved disregard of stop signs. The editor's comment is: "Language is found in numerous cases recognizing that a vehicle driver's disregard of a stop sign by failing to stop before entering the protected street or highway constitutes negligence or contributory negligence or is, at least, a circumstance tending to support a finding by the trier of the facts that such driver was guilty of negligence or contributory negligence."

In this case the defendant convicted himself of negligence when he admitted that without stated reason or excuse he "drove over" the stop sign, only slowing his speed to about twelve miles per hour, and he was fully aware of it. Instructions to the jury which obscured this

important factor in the controversy were prejudicial to plaintiff-appellant.

The conclusion here reached does not impinge upon the authority of the decisions of this court to the general effect that one may violate a traffic regulation if it is necessary in order to avoid collision or injury and the rule of due care, under all of the attendant circumstances, requires it. These cases were cited and relied upon by respondent in his brief: *North State Lumber Co. v. Charleston Con. Ry. & Lighting Co.*, 115 S. C. 267, 105 S. E. 406; *Walker v. Lee*, 115 S. C. 495, 106 S. E. 682; and *Sims v. Eleazer*, 116 S. C. 41, 106 S. E. 854, 24 A. L. R. 1293. However, the violation by the defendant in this case of the requirement to stop before entering the intersection does not at all come within the permitted violations referred to in the cited decisions.

Reversed and remanded for new trial.

BAKER, C. J., and FISHBURNE and TAYLOR, JJ., concur.

OXNER, J., did not participate.