Charles Ellis **DAVENPORT, Jr., a minor under the age of fourteen years by Charles Ellis Davenport, his guardian ad litem, Plaintiff,**

v.

The **UNITED STATES** of America, **Defendant.**

Civ. A. No. 4521.

United States District Court
W. D. South Carolina,
Greenwood Division.

May 18, 1965.

Thomas H. Pope and Robert D. Schumpert, Newberry, S. C., for plaintiff.

John C. Williams, U. S. Atty., Gettys H. Martin, Asst. U. S. Atty., Greenville, S. C., for defendant.

WYCHE, District Judge.

Plaintiff brings this action for personal injuries under the provisions of the Federal Tort Claims Act, 28 U.S.C.A. § 2671, et seq. He alleges in his complaint that his injuries were the direct and proximate result of the negligent and reckless operation of an army truck owned by the defendant and operated by a member of the Armed Forces, acting in the line of duty and within the course and scope of his employment.

The defendant set up two defenses in its answer, (1) a general denial and (2) contributory negligence and recklessness of plaintiff's father, the driver of the vehicle in which plaintiff was a passenger.

Plaintiff gave appropriate notice of motion to strike defendant's second defense pursuant to Rule 12, Federal Rules of Civil Procedure, on the ground that it was insufficient and impertinent since any alleged negligence or recklessness on the part of plaintiff's father could not be imputed to the minor plaintiff. Plaintiff relied upon a long line of cases on the subject of imputed negligence in South Carolina, the most recent being Doremus v. Atlantic Coast Line Railroad Co., 242 S.C. 123, 130 S.E.2d 370 (1963). The defendant agreed that the defense was not available to it, and I granted plaintiff's motion to strike.

In compliance with Rule 52(a), Rules of Civil Procedure, 28 U.S.C.A., I find the facts specially and state my conclusions of law thereon, in the above cause as follows:

## FINDINGS OF FACT

On the afternoon of August 10, 1963, at about six-thirty o'clock, plaintiff and his younger brother were passengers in a Chevrolet sedan driven and operated by plaintiff's father, and were proceeding from Newberry in a westerly direction along Highway S–36–58 to their home. Plaintiff was seated in the front seat and plaintiff's younger brother was in the rear seat. They were traveling at a speed of less than fifty miles per hour, and collided with a United States Army 2½ ton truck in plaintiff's right lane of travel at a point 60 feet, 6 inches, from the center lane of the intersection of Highway S–36–58 and Highway S–36–64.

South Carolina Highway S–36–58, a paved highway 16 feet wide, runs generally in an east-west direction from the City of Newberry to the Belfast community on the Laurens-Newberry County line. At a point near the old Floyd house, some 10 miles from the City of Newberry, Highway S–36–64, which is likewise a paved highway, runs in a northerly direction from Highway S–36–58. Highway S–36–58 is the dominant highway, with a posted speed limit of 55 miles per hour. Highway S–36–64 is the servient highway and the South Carolina State Highway Department has erected a stop-sign on it at a point 31 feet, 6 inches, from the intersection of Highway S–36–58.

At a point approximately 300 feet east of the intersection, a dirt driveway leads to the old Floyd house. On the date in question, a United States Army Field Hospital was located in the yard of this home.

About 50 feet west of the private driveway leading to the Field Hospital and about 250 feet from the intersection,

plaintiff and plaintiff's father observed defendant's United States Army 2½ ton truck approaching the intersection and at a distance of about 75 feet from such intersection. Plaintiff's father applied his brakes. Skid marks on the highway extended for a distance of 105 feet before the admitted point of impact which was 60 feet, 6 inches, from the center of the intersection.

A military policeman was standing on the left side of the dominant highway at the intersection, charged with the duty of warning civilian traffic of the approach into the dominant highway of military vehicles. The only military vehicle approaching the intersection along the servient highway was defendant's Army 2½ ton truck. The military policeman made no effort to flag civilian traffic on the dominant highway and particularly to warn the driver of the automobile in which plaintiff was a passenger. Instead he waved the United States Army truck through the stop-sign and into the dominant highway. The truck made a sweeping left turn and immediately before the collision, the front wheels of the truck were in the left ditch of Highway S–36–58 and the rear of the truck was diagonally across the highway. The truck was struck at its left rear wheel in the approximate center of plaintiff's right lane of travel.

Defendant admitted that its vehicle was being operated by its authorized driver, acting in line of duty and within the course and scope of his employment. No explanation was given as to any necessity for disregarding the Highway Department's stop-sign nor for making the left turn into the dominant highway in such manner as to block completely the highway at a point 60 feet from the center of the intersection.

Plaintiff was injured about the mouth and knee in the collision and rendered unconscious. He was taken by ambulance to the Newberry County Memorial Hospital, where he remained for five days, and where he underwent medical treatment. During his hospitalization he had continuing headaches and although at first was unable to eat, began to eat soft food by the time of his release. Plaintiff was x-rayed by his dentist on August 23, 1963, and his upper right central incisor was extracted. The upper left central incisor and the lower left lateral incisor were knocked out completely in the accident. He was fitted with a temporary denture.

At the defendant's request, plaintiff was examined by Dr. Stanley C. Baker, dental surgeon of Greenwood.

The teeth on the lower left side have drifted forward and occlusion is not normal and plaintiff is permanently disabled and permanently disfigured. His teeth will probably continue to give trouble for the rest of his life. It will be necessary to replace the present temporary denture with a fixed restoration when plaintiff attains maturity. Plaintiff will incur future dental expenses.

At the time of his injury, plaintiff was twelve years of age and had a life expectancy of 57.72 years.

Plaintiff was not guilty of any negligence which contributed as a proximate cause to his injuries.

Plaintiff's injuries, disability and disfigurement were the direct and proximate result of the negligence and recklessness of the defendant.

## CONCLUSIONS OF LAW, OPINION AND ORDER

This Court has jurisdiction of the parties and of the subject matter of this action.

■ Whether or not the defendant United States of America was guilty of actionable negligence through the actions of members of its Armed Forces in the instant case must be determined by the South Carolina law, since the Federal Tort Claims Act, 28 U.S.C.A. § 1346, provides that the United States shall be liable, "if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

■ Under South Carolina law, the erection by the State Highway Depart-

ment of a stop-sign at an intersection has the effect of making the intersection a "stop intersection". A motorist approaching a stop intersection on a servient highway has the duty to yield the right of way and is required to exercise due care for approaching traffic on the dominant highway. Allen v. Hatchell, 242 S.C. 458, 131 S.E.2d 516 (1963); Eberhardt v. Forrester, 241 S.C. 399, 128 S.E.2d 687 (1962).

■ One who without excuse drives through a stop-sign into a dominant highway is negligent per se. See, Pruette v. Machen, et al., 215 S.C. 13, 53 S.E.2d 866 (1949).

■ Also, under South Carolina law, the driver of a truck, when making a turn into an intersecting street, must obey the law and exercise the degree of care generally commensurate with the hazard produced by his failure to do so. Holcombe v. W. N. Watson Supply Co., Inc., 171 S.C. 110, 171 S.E. 604 (1933). As was held in West v. Sowell, 237 S.C. 641, 118 S.E.2d 692 (1961), " * * * the driver of the truck violated Section 46–388 by approaching the intersection of two highways on the left of the center line thereof, and violated Section 46–402 by failing to approach an intersection for a right turn as close as practical to the right hand edge of the roadway, and violated Section 46–405 by turning the truck at the intersection without having it in proper position as required by Section 46–402, * * *. A violation of these sections of the Code constitutes negligence per se and such negligence is actionable if it proximately caused injury to the respondents. Field v. Gregory et al., 230 S.C. 39, 94 S.E.2d 15."

In Deese v. Williams, 237 S.C. 560, 118 S.E.2d 330, (1961), the Court held, inter alia, " * * * the blocking of the highway by the truck gave rise to the duty to provide adequate warning and the discharge of this duty was directly connected with the operation of the truck."

Section 46–423, Code of Laws of South Carolina, 1962, requires the driver of a vehicle to stop in obedience to a stop-sign before proceeding into the dominant highway. Section 46–267 provides that a stop, when required, means a complete cessation from movement. Section 46–388 provides that no vehicle shall be driven to the left side of the roadway when traversing an intersection. Section 46–402 provides for the method of turning at intersections, while Section 46–405 prohibits the turning of a vehicle at an intersection unless the vehicle is in proper position as required by Section 46–402. Section 46–422 provides that the driver of a vehicle intending to turn to the left at an intersection shall yield the right of way to any vehicle approaching from the opposite direction which is so close thereto as to constitute an immediate hazard.

■ The defendant was guilty of actionable negligence and recklessness in failing to heed the stop-sign on the servient highway, in making a left turn in such manner as to completely block the highway on the through highway at a distance of 60 feet, 6 inches, from the center of the intersection, and in failing to warn the driver of plaintiff's vehicle of the left turn without stopping of the Army truck into the dominant highway and into the path of the car in which plaintiff was a passenger. Plaintiff was not guilty of any actionable negligence which contributed as a proximate cause to his injuries.

■ In considering plaintiff's actual damages, it is proper to consider not only his pain and suffering to date, but also his permanent disability and permanent disfigurement. At the time of his injury, he had a life expectancy of 57.72 years. Section 26–12, Code of Laws of South Carolina, 1962.

■ Based upon the foregoing Findings of Fact, Conclusions of Law, and Opinion, I am of the opinion that the plaintiff Charles Ellis Davenport, Jr., a minor under the age of fourteen years, by Charles Ellis Davenport, his guardian ad litem, should have judgment against the defendant The United States of America in the sum of Seventy-Five Hundred ($7500.00) Dollars.

I am of the further opinion that plaintiff's attorneys are entitled to a fee of twenty (20%) per cent. or the sum of Fifteen Hundred ($1500.00) Dollars, to be paid them by the defendant from the said sum of Seventy-Five Hundred ($7500.00) Dollars.

Entry of appropriate judgment is directed accordingly, and

It is so ordered.