10528

NORTH STATE LUMBER CO. v. CHARLESTON CONSOLIDATED RAILWAY & LIGHTING COMPANY.

(105 S. E. 406.)

1. TRIAL—SUBSTITUTION OF CHARGE IN COURT'S OWN WORDS FOR THAT REQUESTED HELD NOT ERROR.—Substitution of a charge in the Court's own words for a requested charge, where the substituted charge was applicable to the case as made, and stated good law, *held* not error, since the Court is not required to use exact language of a request.

NOTE.—For discussion of the question of signal of traffic officer as affecting duty of travelers to exercise care, see note in L. R. A. 1917b, 137.

2. Street Railroads—Allowing Benefit of Ordinance Other Than That Pleaded Held Not Error.—In an action for damages to an automobile struck by a street car, in which it was claimed that the automobile driver did not comply with the signals of a traffic officer, the action of the Court in giving street railroad benefit of an ordinance that "all vehicles must stop when directed to do so by the police, and upon signal from the police shall move on," instead of the ordinance pleaded, that "drivers of all vehicles shall observe signals of traffic officers at intersecting streets," *held* not error; both sections being applicable.

3. Street Railroads—Instruction as to Care by Automobile Driver With Vision Obscured by Rain Held Justified by Evidence.—In an action for damage to an automobile struck by a street car, at a crossing, evidence that immediately before the accident there had been a heavy rain, that had partially obscured vision through the wet windshield, *held* to justify instruction that, "if the vision of the driver of an automobile is obscured by a blinding rain, or otherwise, at a crossing, it is his duty to take care commensurate with such circumstances."

4. Appeal and Error—Instruction Stating Well Known Fact Held Not Prejudicial.—In an action for injuries to automobile struck by street car, instruction that jury should consider the fact that a street car is confined to a track, and an automobile is not, *held* not prejudicial, being a simple statement as to a well known fact.

5. Street Railroads—Improper Position of Traffic Officer Immaterial.—In action for damages to automobile struck by street car at street intersection at which traffic officer was stationed, it was proper to charge that the fact that the officer was not in his proper position was immaterial, if street car company was doing "what it should have done;" the action depending on its negligence.

6. Municipal Corporations—Right of Way Ordinances Inapplicable in Congested Districts in Charge of Traffic Officers.—Ordinance giving vehicles moving in certain directions the right of way over vehicles moving in other directions is inapplicable in congested districts in charge of traffic officers.

7. Street Railroads—Instruction on Contributory Negligence of Driver of Automobile Held Correct.—In an action for damages to an automobile struck by a street car at a street intersection, in which it was claimed that the automobile driver was negligent, instruction that, "if his exceeding the speed limit for that point was the sole cause, then he cannot recover," *held* correct.

8. Appeal and Error — Refusal of Requested Instruction as to Motorman's Duty Held Harmless, in View of Evidence.—In action for damage to automobile struck by street car at street intersection at which traffic officer was stationed, refusal to instruct that it was

the motorman's duty to look out for danger in spite of the order of the traffic officer, if error, was harmless, where automobile driver admitted that he crossed the intersection without looking to the right or left, since it was as much driver's duty to look out for danger, as it was the duty of motorman.

9. STREET RAILROADS—INSTRUCTION AS TO MOTORMAN'S DUTY TO USE DUE CARE HELD SUFFICIENT.—In action for damage to automobile, struck by street car at street intersection at which traffic officer was stationed, instruction that it was the motorman's duty to use due care to avoid injury to others in running the car *held* sufficient, as to motorman's duty to look out for danger notwithstanding traffic officer's order to cross.

10. STREET RAILROADS—MOTORMAN NOT REQUIRED TO OBEY TRAFFIC OFFICER'S SIGNAL WITHOUT REGARD TO CIRCUMSTANCES.—There is no absolute duty on a motorman to obey the traffic officer's signal to cross street without regard to existing circumstances, conditions, or consequences, but he is required to stop, notwithstanding signal to proceed, if in the exercise of reasonable diligence it is necessary to so do to prevent a collision.

11. MUNICIPAL CORPORATIONS—RIGHT OF WAY MUST BE EXERCISED WITH DUE CARE TO PREVENT ACCIDENTS.—The right of way does not give one the right to proceed without regard to circumstances, conditions, or consequences; but, notwithstanding such right, one must exercise due care to prevent injury to himself and others.

Before GARY, J., Charleston, January term, 1920. Affirmed.

Action by North State Lumber Company against Charleston Consolidated Railroad and Lighting Company for damages. From verdict for defendant, the plaintiff appeals.

*Mr. Theo. D. Jervey,* for appellant, cites: *Charge will be considered with reference to the case made:* 21 S. C. 393. *Proper disposition of requests to charge:* 67 S. C. 181. *Construction and force of city ordinance:* 85 S. C. 455. *Duty of motorman at a crossing:* 102 S. C. 468. *Unconscious invasion of another's rights may be reckless:* 92 S. C. 72. *Right of appeal from refusal to charge as requested:* 2 S. C. 235; 19 S. C. 20. *Error to charge on issues not raised by pleadings:* 21 S. C. 400; 113 S. C. 495. *Charge predicated on mistake in facts is prejudicial:* 102 S. C. 54. *Charge on*

difference in ease of control of automobile and street car was on the facts: 102 S. C. 54; 19 S. C. 606. *Charge as to position of traffic policeman was on facts:* 90 S. C. 409; 102 S. C. 488; 108 S. C. 390; 90 S. C. 414. *Attempting to cross in front of car is not necessarily contributory negligence:* 55 S. E. 1016. *Charge which assumes a disputed fact is error:* 96 S. C. 74; 102 S. C. 488. *Duty of railway:* 85 S. C. 455. *Question is whether motorman was exercising due diligence:* 97 S. C. 61.

*Messrs. FitzSimons & FitzSimons,* for respondent, cite: *Substitution of Judge's own language in a request to charge is not erroneous:* 106 S. C. 41; 103 S. C. 354; 106 S. C. 282. *Where evidence is offered and admitted without objection on an issue not pleaded, it is not error to submit that issue to the jury:* 81 S. C. 46. *At crossing the greater the danger the greater the care:* 22 R. C. L., secs. 250, 1018; 67 S. C. 347. *Record shows no prejudicial error:* 93 S. C. 295; 93 S. C. 420; 103 S. C. 493; 78 S. C. 73. *Whole charge not prejudicial:* 97 S. C. 153; 98 S. C. 272. *Inconsistencies not reversible error unless jury might have been misled:* 99 S. C. 364.

December 20, 1920.

The opinion of the Court was delivered by Mr. Justice Fraser.

An automobile, belonging to the plaintiff and containing some of its officers and servants, was going along Meeting street, in the city of Charleston. When it came to Columbus street, it came to the tracks of the defendant street car company. The traffic is heavy here, and the city stations a traffic policeman to direct the traffic, and by an ordinance it requires those who use the streets to obey the directions of the traffic officer. The people who use these streets are not only required to stop when directed by the officer to stop,

but to move on when the officer so directs. The obligation to move on is co-ordinate with the duty to stop. While it is the duty of the traffic officer to stand at the middle of the intersecting streets ordinarily, yet the record shows that sometimes the officer is allowed to stand on the sidewalk. This is allowed when the streets are under water. There had been a heavy downpour of rain, and the crossing of Meeting and Columbus streets was several inches under water at the time of the collision. A street car came up and stopped at Meeting street. There is testimony, uncontradicted, to show that the traffic officer ordered the street car to proceed and waved the automobile to stop. The case shows that the curtains of the automobile were down on account of the rain, and the driver of the automobile did not see the policeman nor his signals. The automobile moved forward, and was struck by the street car and badly damaged, and one of the occupants of the automobile received personal injuries. This action is for the injury to the automobile. The jury found for the defendant, and from the judgment entered thereon this appeal is taken. All exceptions are from the charge of the presiding Judge.

1. The first exception complains of error in not charging a request of the plaintiff as made, and substituting a charge in his own words. The appellant concedes that the substituted charge is good law. This exception cannot be sustained. The presiding Judge is not required to use the exact language of the request. The charge was applicable to case as made.

2. The second error complained of is that his Honor allowed the defendant the benefit of section 19 of the city ordinance; whereas, the defendant in its answer had set up section 18. These two sections are: "Sec. 18. Drivers of all vehicles shall observe signals of traffic officers at intersecting streets.

"Sec. 19. All vehicles must stop when directed to do so by the police, and upon signal from the police shall move on."

Section 18, as well as section 19, covers the case, and there was no error here.

3. The third exception complains of error in the charge: "If the vision of the driver of an automobile is obscured by a blinding rain or otherwise, at a crossing, it is his duty to take care commensurate with such circumstances," etc.

The appellant complains that there was no evidence of a blinding rain at the time of the accident. There is evidence that there had been, immediately before the accident, a heavy rain, that partially obscured the vision through the wet windshield. There was no error here.

4. Appellant complains that his Honor told the jury that the jury must take into consideration all the circumstances, including the fact that a street car was confined to a track, and an automobile was not. It was a simple statement, so well known to every one, that it was not prejudicial.

5. The next allegation of error is: "If the street car company was doing what it should have done, under the circumstances, it makes no difference whether the policeman was where the law demands him to be or not."

That charge is absolutely good law. This action depends upon the negligence of the defendant. It makes no difference who was negligent, if the defendant was doing "what it should have done," then the defendant was not negligent. This exception is overruled.

6. There is another ordinance that gives vehicles moving north and south preference over those moving east and west. Appellant's automobile was moving north and south.

The appellant claims that its automobile had the right of way. This provision is general in its terms, and must give way to specific regulations for congested districts in charge of a traffic officer. This exception is overruled.

The seventh exception raises the same question, and is also overruled.

7. The next alleged error is: "If you believe that his exceeding the speed limit for that point was the sole cause, then he cannot recover."

This was not misleading. His Honor told the jury that, if the plaintiff's injury was caused solely by its own violation of the ordinance, then the plaintiff could not recover. That is good law. There is no error here.

8. The last exception complains of error in not charging that it was the duty of the motorman to look out for danger in spite of the order of the traffic officer, because, if the motorman had done so, he would have seen the plaintiff's automobile. If this was error, it was harmless. The plaintiff admitted that he did not look to the right or left. It was just as much the plaintiff's duty to look out for danger as it was for the defendant. The duty was mutual, and contributory negligence would have produced the same result.

The judgment is affirmed.

MESSRS. JUSTICES HYDRICK and WATTS. We concur in the judgment of affirmance on the ground that, when considered as a whole, there was no error in the charge, and we concur in the disposition of all the exceptions, except the last. If the Court had refused to charge that it was the duty of the motorman to look out for danger, notwithstanding the order of the traffic officer to go across, it would have been prejudicial error. But the Court did not

refuse to charge that proposition at all.   On the contrary,
the Court charged it.   What the Court refused was to charge
it in the language preferred by plaintiff's attorney, which, in
the opinion of the Court, involved a charge on the facts.
But, in response to the request, the Court said:

"I tell you it was his (the motorman's) duty to use due
care to avoid injury to others, in running the car."

The motorman so recognized his duty.   He said he had
his car under control, and kept a vigilant lookout, and if he
had seen plaintiff's automobile in time, he would have
stopped his car to avoid the collision, but that it ran before
his car so quickly and suddenly that it was impossible for
him to stop his car before striking it, though he did stop it
within the distance of two or three feet after he saw the
automobile.

In framing some of his requests, defendant's counsel
appears to have been under the impression that, under the
ordinances, an absolute duty was upon the motorman to
obey the signal of the traffic officer to go across, with-
out regard to the existing circumstances and condi-
tions, or the consequences.   That is not correct.
Ordinarily and generally it would be his duty to obey the
signals.   But the ordinances and the signals were intended
to prevent accidents, and they must be reasonably construed
and obeyed to accomplish that purpose.   Hence, notwith-
standing the officer's signal to go on across, it was the duty
of the motorman to stop, if he saw, or by the exercise of
reasonable diligence, he could have seen the automobile in
front of him in time to prevent the collision.   The motor-
man was right in so interpreting the ordinance and signal.
The erroneous notion seems to be prevalent that, if one has
the right of way, as it is called, he may proceed without
regard to circumstances, conditions, or consequences.   Even
when one has the right of way, he is still bound to exercise
due care for his own safety, and to prevent injury to others.

He would be excusable for violating an ordinance or signal, if it were necessary to prevent an accident and injury to himself or another.

Mr. Chief Justice Gary and Mr. Justice Gage absent on account of sickness.