**Bliss KIRKLAND, Plaintiff,**

**v.**

**The UNITED STATES of America, Defendant.**

**Civ. A. No. 4527.**

United States District Court
W. D. South Carolina,
Greenwood Division.

May 6, 1965.

Coleman & White, Edgefield, S. C., Buzhardt & Baggett, McCormick, S. C., for plaintiff.

John C. Williams, U. S. Atty., Albert Q. Taylor, Jr., Asst. U. S. Atty., Greenville, S. C., for defendant.

WYCHE, District Judge.

This is an action by the plaintiff against the defendant for damages under the Federal Tort Claims Act for loss of property and personal injuries alleged to have been sustained by the plaintiff on or about August 13, 1963, as a result of a collision between plaintiff's 1956 Ford Pickup truck, which he was driving, and a United States Army vehicle engaged in maneuver operations and being operated by United States Army personnel of the defendant. The plaintiff alleges that his damages and injuries were caused by the negligent acts of a United States Army soldier while acting in the discharge of his duties as such.

The above case was tried by me without a jury.

After the plaintiff in this case completed the presentation of his evidence, the defendant moved for an involuntary dismissal on the ground that upon the facts and the law the plaintiff had shown no right to relief (Rule 41(b), Rules of

Civil Procedure), which motion was granted.

In compliance with Rule 52(a), Federal Rules of Civil Procedure, I find the facts specially and state my conclusions of law thereon, in the above cause, as follows:

## FINDINGS OF FACT

1. Plaintiff is a citizen of the State of South Carolina, and resides in the Greenwood Division in the Western District of South Carolina.

2. On or about August 13, 1963, at or about seven o'clock a. m., plaintiff was operating his 1956 Ford Pickup truck in a westerly direction on South Carolina State Highway Number 23. At the same time a soldier of the United States Army, involved in Swift Strike III maneuvers, was operating a truck belonging to the United States in a convoy, as agent, servant and employee of the defendant, acting within the scope of his duties and employment, in a northerly direction on South Carolina State Highway Number 39, which intersects with Highway Number 23, in Saluda County, the road on which the plaintiff was proceeding and which is known as a through highway. Highway Number 39, upon which the trucks of the army convoy were being operated was a secondary highway. There is a stop-sign some distance from the intersection on Highway 39, the highway on which the army convoy of trucks was traveling.

3. As plaintiff was driving along highway Number 23 at a rate of speed of about twenty-five or thirty miles an hour, approaching the intersection with highway Number 39, a soldier of the United States Army was standing in the middle of the intersection, facing the plaintiff, and when plaintiff was about one hundred yards from the intersection the soldier held up his hand as a signal to the plaintiff to stop, and then dropped it to his side, and turned his head toward the convoy and motioned the trucks in the convoy to proceed to cross the intersection.

4. The plaintiff failed to heed the stop signal given by the soldier of the United States Army but continued on toward the intersection without stopping or reducing his speed until he collided with the leading truck in the convoy, and suffered damages to his truck and personal injuries by reason of the collision.

5. Plaintiff testified that he did not see the soldier giving the stop signal to him or the army trucks approaching and entering the intersection.

6. Plaintiff was guilty of negligence in failing to see the soldier giving him the signal to stop, which he saw or should have seen, in time to have avoided the collision; in failing to heed the stop signal given him by the soldier of the United States Army; in failing to maintain a proper lookout for the defendant's vehicle or other vehicles traveling upon the highway; in failing to apply his brakes when he knew, or should have known, that his vehicle was about to strike the defendant's vehicle; in failing to exercise that degree of care and caution which an ordinary or prudent man would have exercised under the same existing conditions, and his negligence was the proximate cause of plaintiff's injuries and damages.

7. Plaintiff failed to prove any acts of negligence on the part of the defendant, or its servants or employees, and even if it could be held under the facts in this case, that the defendant was negligent, the plaintiff is guilty of contributory negligence and such contributory negligence contributed as a proximate cause to his injuries and damages and he cannot, therefore, recover.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction in this case pursuant to the provisions of 28 U.S.C.A. § 1346(b).

2. In the case of North State Lumber Co. v. Charleston Consolidated Ry. & Lighting Co., 115 S.C. 267, 105 S.E. 406, 408, the Supreme Court of South Carolina, aptly said: "The erroneous notion seems to be prevalent that, if one has the right of way, as it is called, he may proceed without regard to circumstances, conditions, or consequences. Even when one has the right of way, he

is still bound to exercise due care for his own safety, and to prevent injury to others."

 3. State statutes and city ordinances regarding stop signs are intended to facilitate travel upon through highways. A person driving upon a through highway cannot disregard the duty of observing due care when using or approaching an intersection. He does not possess an unqualified privilege in the use of the through highway. The duty still rests on him to use due care in approaching an intersection, notwithstanding he may know that it is protected by a stop sign on the less favored highway. Copley v. Stone, (D.C., S.C.) 75 F.Supp. 203 (1947).

 4. While it is true that a motorist on a preferred highway is entitled to assume that a vehicle approaching on a secondary highway will stop for the intersection, unless he has knowledge of the absence of the sign, *or he is otherwise put on notice that the vehicle on the intersecting street is not going to stop.* Eberhardt v. Forrester, 241 S.C. 399, 128 S.E.2d 687.

 5. It was common knowledge that the United States Army and the United States Air Corps were engaged in maneuvers known as Swift Strike III during the time and before the accident in this case, and when a soldier of the United States Army stood in the intersection facing the plaintiff and motioned the oncoming truck of the plaintiff to stop, it was the duty of the plaintiff driving his truck to obey such signal so that the convoy of trucks could proceed through the intersection.

6. Under the common law requiring a person to use due care under all the circumstances upon traveling upon the highway, it was the duty of the plaintiff to obey the stop signal given by the soldier in approaching the intersection and when he refused to do so he was guilty of negligence, and if his negligence caused or contributed as a proximate cause to his injuries and damages he cannot recover.

7. The plaintiff has failed to prove any acts of negligence on the part of the defendant in this case, and even if it be considered that there was some actionable negligence on the part of the defendant, the plaintiff was guilty of contributory negligence which caused or contributed as a proximate cause of his injuries and damages, and he, therefore, cannot recover.

For the foregoing reasons, it is my opinion that under the facts of this case and the law, the plaintiff has shown no right to recover of the defendant for any personal injuries and damages he may have suffered as a result of the collision, and the defendant's motion for an involuntary dismissal must be granted, and

It is, therefore, ordered, that the motion of the defendant for an involuntary dismissal in the above case be and the same is hereby granted, and that judgment be entered for the defendant.