18652

Bobby O. HOFFMAN, Appellant, v. Betty B. KNIGHT, Respondent
(154 S. E. (2d) 729)

*D. Glenn Yarborough, Esq.,* of Lancaster, *for Appellant,*

*Messrs. Williams & Parler,* of Lancaster, *for Respondent,*

May 22, 1967.

LEWIS, Justice.

A pickup truck operated by plaintiff and a Mercury automobile driven by defendant collided at the intersection of Hampton and Patton Streets, near the City of Lancaster, South Carolina, about 7:30 A. M., on June 9, 1964. This action was brought to recover the damages sustained by plaintiff in the collision and the defendant filed a counterclaim for damages sustained by her. The pleadings raised the issues of negligence and contributory negligence on the part of the drivers of both vehicles. Upon the trial of the case and at the conclusion of the evidence, the trial judge directed a verdict against both parties, holding that neither had proven actionable negligence on the part of the other. Only the plaintiff has appealed from the judgment so entered.

The sole question for determination is whether there is any testimony, construed in the light most favorable to plaintiff, reasonably sustaining an inference of actionable negligence on the part of the defendant.

Hampton and Patton Streets intersect at almost right angles. At the time of the collision, plaintiff was proceeding east along Hampton and the defendant south on Patton, which would place plaintiff to defendant's right as defendant entered the intersection and the defendant to plaintiff's left. Stop signs had been erected on Patton controlling traffic entering therefrom into Hampton, but the signs were down at the time of the collision. Hampton therefore had been

designated a through street and Patton secondary. The plaintiff lived within a block of the intersection, but the defendant was visiting in Lancaster and this was her first time over the street. Neither saw the other vehicle, nor stopped, before entering the intersection. The plaintiff's truck was struck on its left side at the cab and rear fender and the main impact was to the front of defendant's automobile, indicating that the plaintiff's vehicle either had travelled farther through the intersection at the time of impact than defendant's automobile or that both vehicles entered the intersection at approximately the same time.

We will not attempt a further review or analysis of the testimony. The respective rights and duties of travellers approaching an intersection of a through highway and a secondary road, where stop signs are temporarily down, and the applicable statutes have been recently set forth in the case of *Eberhardt v. Forrester,* 241 S. C. 399, 128 S. E. (2d) 687 and need not be repeated here. The principles stated in *Eberhardt* govern and, under this record, the question of whether the defendant was guilty of actionable negligence was a jury issue. The trial judge was accordingly in error in directing a verdict in favor of the defendant.

Reversed and remanded for a new trial.

Moss, C. J., and Bussey, Brailsford and Littlejohn, JJ., concur.